IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

OPENGATE CAPITAL GROUP LLC, *et al.*,

        Plaintiffs,

v.

THERMO FISHER SCIENTIFIC INC.,

        Defendant.

C.A. No. 13-1475-GMS

## SPECIAL MASTER OPINION

The parties have raised a number of additional discovery-related issues, and their respective positions on those disputes were articulated during a telephone hearing on July 13, 2015. The disagreements stem from activities which have occurred or are occurring as they proceed rapidly toward the conclusion of fact discovery on August 3, 2015. This Opinion addresses and resolves as expeditiously as possible most, but not all, of those issues. Upon receipt of post-hearing written submissions as described below, a subsequent order will be issued for the remaining matter.

The first area of concern is the defendants' assertion that the plaintiffs have compounded their previous inadequacies by continuing to be unjustifiably unresponsive and dilatory regarding document production. The defendants had long ago requested documents in the presumed control of the parent company, Opengate Capital, as well as documents in the presumed control of its subsidiary and operating entity, Hamilton Fisher (aka "Hamilton Scientific"). Hamilton Fisher's ESI was located and maintained separately from Opengate Capital's. Counsel for the plaintiffs represented during the hearing that his firm is in the process of reviewing additional Opengate

Capital documents of which they only recently became aware and received from the client, described generically as Opengate Capital "May 2014 forward" documents. Plaintiffs' counsel verbally committed to delivering these new documents to the defendant by the end of this week. Consequently, those additional documents responsive to the defendants' discovery initiatives will be produced no later than July 17, 2015. IT IS SO ORDERED.

The defendant seeks Rule 37 sanctions due to the plaintiffs' failure to produce documents within the time ordered on June 11, 2015. In the face of an obviously ineffective litigation hold notice, and the unfortunate timing of the production of these additional Opengate Capital documents, a Rule 37(d)(3) sanction, which is mandatory, is appropriate in favor of the prevailing party which had to move to compel to get to this point. Accordingly, consistent with the precedent cited in my June 11, 2015 Opinion and Order, pp. 13-14, the plaintiff shall pay the defendants' reasonable expenses including attorneys' fees incurred to compel the production of these Opengate Capital "May 2014 forward" documents. The defendants must submit to me by July 30, 2015, an accounting of such reasonable expenses. IT IS SO ORDERED.

With regard to responsive documents from Hamilton Fisher, plaintiffs' counsel also only recently became aware of some "archived" electronic records. The defendants assert that there was literally no litigation hold issued to Hamilton Fisher custodians; that a non-litigation-related document retention notice to certain employees only went out two months ago. Plaintiffs do not refute that assertion. Apparently, the subject Hamilton Fisher documents (which the plaintiffs believe are from the pre-closing time period only) had been archived shortly after closing on the acquisition of the Thermo Fisher assets. As such, the plaintiffs contend that these electronic records are at least back-ups of back-ups and that the defendants should already have them. For

that reason, the plaintiffs believe that production,[1] if any, should be at the defendants' expense. However, no other justification has been offered to explain the plaintiffs' failure to reveal and attend to their existence before now. That the production of the Hamilton Fisher electronic documents should be underwritten by the defendants makes little sense in this context. What makes even less sense is how a litigant's electronic records, in this twelve-years-post-*Zubulake*[2] era, can be inexplicably forgotten or ignored in the discovery process? The plaintiffs have no one else to blame but themselves for the status of document production under these circumstances especially where no litigation hold notice was issued. Accordingly, consistent with Rule 37(d)(3), plaintiffs must produce the subject Hamilton Fisher electronic records at their own expense[3] no later than July 27, 2015.[4] IT IS SO ORDERED.

The second matter raised by the defendants, an allegation concerning interference with third-party document production, has been amicably resolved between the parties and requires no further action by me.

The third matter cited by the defendants is the current difficulty in scheduling the depositions of two principals of, and/or high managerial level individuals employed by, the plaintiffs, Andrew Nikou and Sebastien Kiekert Le Moult. The plaintiffs argue that depositions

---

[1] Which plaintiffs believe will take "a long time" due to the necessary participation of an outside vendor and pre-release review by counsel.

[2] *Zubulake v.UBS Warburg LLC*, 220 F.R.D. 212 (S.D.N.Y.2003).

[3] The attorneys' fees aspect of Rule 37(d)(3), which is mandatory, is subsumed within the sanction issued at p. 2 with respect to the production of Opengate Capital records.

[4] I reluctantly note that, in light of the remaining less-than-three-week window for fact discovery, in the event that the Hamilton Fisher electronic documents are not produced within the time frame ordered, I might then be in a position to consider, if appropriate, whether any of the more profound provisions of Rule 37(b)(2)(A) should be applied as a further sanction. Under other circumstances, I would not even mention this additional incentive to act consistent with my order.

should occur in Europe because these individuals are involved on the plaintiffs' behalf on important business in Europe for the remainder of the fact discovery period, thus ostensibly making these individuals unable to be present for depositions here in the United States. I verbally indicated at the hearing that that was unacceptable under the circumstances; that those two depositions must occur, in the United States, before August 3, 2015. More specifically, Nikou must be available for deposition in New York City, a location acceptable to both parties, on a date-certain in July 2015, the exact date to be arranged between the litigants.[5] A similar arrangement must take place for Le Moult. His Belgian citizenship and French workplace are not a sufficient basis to frustrate the taking of his deposition in the United States prior to August 3, 2015. IT IS SO ORDERED.

With respect to the fourth issue raised by the defendants, the inadequacy of preparation for the Rule 30(b)(6) depositions of the Opengate Capital and Hamilton Fisher witnesses, I reviewed the deposition transcripts of the designated deponents, Matthew Ji (for Opengate Capital) and Barry Kasoff (for Hamilton Fisher). While I am concerned that, for both Rule 30(b)(6) witnesses, there were topic inquiry areas on which they were without knowledge[6], my overall impression was that each of them had been adequately prepared for the topic areas about which they did testify.

---

[5] Plaintiffs' counsel suggested sometime in the period between July 19, 2015 and July 22, 2015 would most likely be the best.

[6] For example, Mr. Ji, who had only begun working for the plaintiffs last Fall and who, by definition, could not have had personal knowledge of document retention and preservation matters for the period prior to, during and immediately following the asset acquisition in 2012, had only spoken to one Opengate Capital employee in preparation for his deposition. He had reviewed few actual documents. Further, Mr. Ji could not address one of the eight topics on the defendants' Notice of Deposition. Likewise, Mr. Kasoff was unable to answer a number of document retention questions but, on the other hand, he was prepared to obtain answers if given time.

I am intent on facilitating the parties making substantive informational progress. The plaintiff has offered to allow defense counsel to provide a list of matters that the latter believes represents gaps in Rule 30(b)(6) witnesses' knowledge[7] with the implication that the plaintiffs would then make an effort to promptly provide the missing information. I will take the plaintiffs up on that offer and will expand it as follows: (i) no later than July 17, 2015 the defendants shall provide to the plaintiff in writing a list as described above; (ii) no later than July 22, 2015, the plaintiffs shall provide sworn written responses to the listed items; and (iii) if, after receipt of the plaintiffs' responses, the defendants seek to take the deposition of any additional witnesses on the Rule 30(b)(6) topics described on their May 22, 2015 Notice of Rule 30(b)(6) Deposition of Opengate Capital, they can apply to me for such relief and I will determine whether they are entitled to any further Rule 30(b)(6) deposition(s) and, if so, the scope of any such. IT IS SO ORDERED.

The final defense matter brought to my attention concerns plaintiffs' claims of work product privilege with respect to a number of entries in the plaintiffs' recently generated privilege log.[8] I will defer any ruling on this matter until I receive post-hearing submissions. The plaintiffs' submission, consistent with my verbal order during the hearing, must be provided to me by the close of business today, July 15, 2015.[9] The defendants will then have until July 17, 2015 to respond to the plaintiffs' submission. IT IS SO ORDERED.

---

[7] The offer was literally only focused on Mr. Kasoff, but I will construe it more broadly to include Mr. Ji.

[8] The very late production of which was the basis of my ordering a sanction of reasonable expenses against Opengate Capital by my Order of June 11, 2015.

[9] The two areas I asked to be confronted were: (i) the existence of any case law plaintiffs contend support the proposition that work product protection extends to pre-closing due diligence activities, and (ii) any documents which more specifically describe the existence of the plaintiffs' anticipation of litigation prior to April 2013.

Opengate Capital asks that I compel the defendants to search their central servers for electronically-stored information backing up lost or corrupted documents from Javier Salazar Gonzales, Amy Martin, Joseph Baiunco, John Listinsky and Bob Simpson. They also want additional depositions and an independent investigator to forensically review Thermo Fisher's central servers and back-ups. These requests are predicated on the deposition testimony of John Mitchell, the defendants' Director of Corporate Security, which plaintiffs interpret to provide unequivocal[10] confirmation that ESI on employee laptop computers was backed-up on Thermo Fisher's central servers. Defendants respond that the central server has already been searched for ESI relating to their named employees. Moreover, the defendants suggest that the plaintiffs' application for relief is premature in that Thermo Fisher's interrogatory answers dealing with this issue are not due until July 23, 2015 and their Rule 30(b)(6) witness deposition on this topic is not scheduled until July 30, 2015.

Given that important information relating to ESI issues is likely to become evident when the defendants respond to plaintiffs' written discovery and when the defendants' Rule 30(b)(6) witness on document retention and preservation topics is deposed, my solution is as follows: (i) defendants' interrogatory answers must now be provided to the plaintiffs no later than July 17, 2015, and (ii) the defendants' Rule 30(b)(6) witness designated for testimony with respect to

---

[10] My own reading of the excerpt of Mitchell's testimony provided by the plaintiffs is that it is actually quite equivocal.

document retention and preservation topics must be produced for deposition no later than July 25, 2015.[11]   IT IS SO ORDERED.

_____
Special Master

Dated: July 15, 2015

---

[11] I verbally ordered the timing of these events at the July 13, 2015 hearing.