IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| OPENGATE CAPITAL GROUP LLC, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> THERMO FISHER SCIENTIFIC INC., <br><br> Defendant. | C.A. No. 13-1475-GMS |

**SPECIAL MASTER ORDER RE: PLAINTIFFS'**
**APPLICATION FOR FEES AND EXPENSES**

Having required the defendants, by Special Master Opinion dated September 8, 2015, to bear certain Rule 30(b)(6) deposition-related attorneys' fees and expenses, and having received submissions from the parties in connection with that issue, I am now in a position to rule on plaintiffs' fee application.

In connection with the Rule 30(b)(6) deposition of Thermo Fisher, the defendants designated Scott Mazur, an Associate General Counsel for Mergers and Acquisitions, to testify on its behalf on the topics selected by plaintiffs. Despite his personal knowledge relating to transactional matters stemming from the sale of the Reynosa, Mexico fabricating plant, I found that Mazur was effectively unprepared to address six topics listed by Opengate Capital. Consequently, I ordered that another Rule 30(b)(6) deposition be held on those six topics.

For its partial failure to produce an effective Rule 30(b)(6) witness, I held Thermo Fisher responsible for <u>one-half</u> of the reasonable expenses for the following items: (i) transactional expenses in the form of travel costs to and from Boston, court reporter and videographer costs,

and (ii) attorneys' fees for taking the first deposition. Further, I required the defendants to pay for all reasonable time associated with preparing and presenting the motion for fees and expenses.

The plaintiffs provided me with a breakdown of fees in the broadest form, *i.e.*, it was not a copy of a client invoice, so I had only a generic representation of "Time Expended." For "travel to and from Boston," plaintiffs submitted Mr. Heather's travel time in addition to the actual costs of getting to the East Coast and back, but I do not include his time traveling since he had to get to the deposition and return in any event to secure testimony on the topics with which Mazur was familiar, whereas much of his time asking questions was unproductive. Likewise, plaintiffs' counsel's application for travel time to and from Delaware for the hearing on the sanctions motion is not compensable since the hearing could have easily been telephonic rather than in-person (as plaintiffs' counsel specifically requested). Because the "Time Expended" entries for that hearing do not separate travel from preparation and argument, I will use my best assessment of counsels' time involved in the application for relief (which, as plaintiffs acknowledge, was broader than the relief given). For court reporter and videography costs, I'll use the defendants' vendor's invoice, which is lower for some reason, as my guide.

Defendants contest the hourly rates for counsel. Specifically, they ask me to reduce the rates for all attorneys, but not a paralegal. Adopting the logic of and data in the Delaware hourly rate survey commissioned by plaintiffs in opposing defendants' previous fee application, however, I have no trouble in finding that, for a lawyer of Mr. Heather's relative experience, his hourly rate is a fair one for cases of this type in Delaware.[1] Similarly, I am content to allow Mr.

---

[1] Inferentially, if an attorney with a 20-year legal career, like defendants' lead counsel, is given a fee award at the rate I granted in the context of defendants' fee application a few months ago, then a lawyer with plaintiffs' lead counsel's 32-year legal experience justifies the 3-1/2% higher rate plaintiffs are requesting.

2

Vaughn's asserted hourly rate as well. For an attorney with 5 years of experience, though, I will reduce Ms. Nutt's rate consistent with the survey.

With respect to the Mazur Rule 30(b)(6) deposition, defendants also challenge plaintiffs' application insofar as it seeks reimbursement for preparation time. Although defendants are correct that my September 8, 2015 Order only specified "taking the deposition," it doesn't make sense if "wasted" preparation time is not also included. However, plaintiffs' application does not distinguish time spent preparing for topics for which Mazur was responsive from preparation time for topics needing a do-over. Accordingly, to the extent necessary, I will make my own assessment of relative compensable preparation time.

In addition, defendants oppose an award of fees to plaintiffs' local counsel on the theory that, having chosen to retain out-of-state counsel to litigate this case, local counsel's preparation for and attendance at the sanctions motion hearing was unnecessary. I find this contention inconsistent with our Local Rules. Unlike the situations addressed by the cases cited by defendants, LR 83.5(d) *requires* out-of-state counsel to associate with Delaware counsel and that "Delaware counsel shall attend proceedings before the Court." The preparation for and attendance at the hearing on plaintiffs' sanctions motion was just such an event.

Moreover, defendants contest the amount of time identified by plaintiffs for researching, writing and submitting the motion for sanctions. I agree to this extent: whereas plaintiffs note that their Time Expended for this activity was "reduced from actual time in consideration of prior rulings on fee requests," they do not acknowledge how each attorney's time expended for the sanctions motion was focused on successful as opposed to unsuccessful matters. For example, plaintiffs' motion was devoted in large part to seeking documents and sanctions for the other Rule 30(b)(6) deposition witness' alleged lack of preparation. Since no more than

3

one-third (1/3) concerned the Mazur Rule 30(b)(6) deposition, I have made appropriate adjustments in awarded fees.

Regarding the Piccione, do-over Rule 30(b)(6) deposition, I ordered that defendants bear all reasonable expenses, including counsel's preparation. Defendants argue, however, that plaintiffs' application includes (i) too much preparation time, (ii) unnecessary and unauthorized deposition questioning, and (iii) higher than necessary transactional expenses. For the last item, I will again use defendants' vendor's lower invoice. With respect to deposition prep time, I will "discount" it somewhat to accommodate the fact that, to a certain extent, some of the preparation for the do-over deposition was duplicative of preparation for the first Rule 30(b)(6) deposition. Having Ms. Nutt involved at the preparation stage makes sense. Having her time at the do-over deposition included, when she was not at the Mazur deposition, does not. For the final item, pertaining to questions beyond the scope of the six focus topics, I agree that some adjustment is appropriate.

Under the circumstances described above, I grant plaintiffs' reasonable expenses application as follows:

For the Mazur deposition:

1. Preparation

| Person | Hourly Rate | Time | Fee (@1/2) |
|---|---|---|---|
| a. Heather | $725 | 1.25 | $ 453.13 |
| b. Nutt | $305 | 1.25 | $ 190.63 |
| c. Moore | $300 | .50 | $ 75.00 |

2. Taking

| | | | |
|---|---|---|---|
| a. Heather | $725 | 6.50 | $2,356.25 |

3. Transaction Costs

    | Item | Charge | (@1/2) |
    |---|---|---|
    | a. Videography | $1,438.75 | $ 719.36 |
    | b. Court Reporter | $2,413.10 | $1,206.55 |
    | c. Travel | $1,422.73 | $ 711.37 |

TOTAL    =    **$ 5,712.29**

For the Piccione deposition:

1. Preparation

    | Person | Hourly Rate | Time | Fee |
    |---|---|---|---|
    | a. Heather | $725 | 3.00 | $2,175.00 |
    | b. Nutt | $305 | 2.50 | $ 762.50 |
    | c. Moore | $300 | .25 | $ 75.00 |

2. Taking

    | | | | |
    |---|---|---|---|
    | a. Heather | $725 | 5.00 | $3,625.00 |

3. Transaction Costs

    | Item | Charge |
    |---|---|
    | a. Videography | $1,488.25 |
    | b. Court Reporter | $1,856.80 |

TOTAL    =    **$9,982.55**

For the sanctions motion and hearing:

1. Preparation

| Person | Hourly Rate | Time | Fee |
|---|---|---|---|
| a. Heather | $725 | 1.67 | $1,210.75 |
| b. Vaughn | $435 | 6.00 | $2,610.00 |
| c. Nutt | $305 | 5.25 | $1,601.25 |
| d. Kirk | $575 | 2.60 | $1,495.00 |

2. Attend

| Person | Hourly Rate | Time | Fee |
|---|---|---|---|
| a. Heather | $725 | 1.00 | $ 725.00 |
| b. Nutt | $305 | 1.00 | $ 305.00 |
| c. Kirk | $575 | 1.00 | $ 575.00 |

TOTAL = **$ 8,522.00**

Consequently, I grant plaintiffs a grand total of **$24,216.84** in reasonable expenses in connection with the Thermo Fisher Rule 30(b)(6) depositions. IT IS SO ORDERED.

*/s/ Paul M. Tuvoff*
Special Master

Dated: October 28, 2015